FILED

JAN 3 0 2003

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JEFF KAPCHE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) Civil Action No. SA-95-CA-1215-EP |
| | ) |
| CITY OF SAN ANTONIO, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTIONS SUMMARY JUDGMENT**

On this date the Court considered another round of summary judgment motions in the above numbered and styled cause. Although the plaintiff's claims in this case are relatively simple, the procedural history of this case is so long and muddled that it is necessary to first explain why the current motions are pending before the Court.

**Procedural History**

On July 7, 2000, this Court, for the second time, granted summary judgment in favor of the defendant and entered an order disposing of four motions for summary judgment that were pending before the Court at that time. On August 30, 2002, the United States Court of Appeals for the Fifth Circuit reversed that order and remanded the case to this Court. When the court of appeals reversed this Court's order, the motions that were previously resolved were once again placed before this Court. In particular, the judgment of reversal revived the following motions: (1) the plaintiff's motion for summary judgment on the ground that a driver with insulin-dependent diabetes does not pose a direct threat to the health and safety of others (docket entry #79); (2) the defendant's motion for summary judgment on the ground that insulin-dependent diabetics pose a direct threat to others

1



(docket entry #80); (3) the plaintiff's motion for summary judgment on the ground that the defendant refused to hire him as a police officer because the defendant regarded the plaintiff as disabled (docket entry #89); and (4) the defendant's motion for partial summary judgment on the ground that no competent evidence exists that the defendant regarded the plaintiff as disabled (docket entry #93).

After the reversal order, the Court conducted a status hearing to determine how to proceed in this case. The parties requested, and the Court granted, the opportunity to file additional motions for summary judgment. Since that time, each party has filed an additional motion (docket entry #s 102 & 103). As a result, six motions for summary judgment are now pending before this Court. Although the Court set a deadline for responding to the last two motions for January 31, 2003, the Court finds that it does not need responses to resolve the motions. As a result, the Court addresses those motions below.

### Whether a Driver with Insulin-Dependent Diabetes Poses a Direct Threat

The Fifth Circuit's opinions in *Chandler v. City of Dallas*[1] and *Daugherty v. City of El Paso*[2] lie at the center of this protracted litigation. In those opinions, the Fifth Circuit created a *per se* rule that a person with insulin-dependent diabetes is not qualified to be a police officer because his medical condition presents a substantial risk that he could injure himself or others. The first two motions before the Court address that rule. The Fifth Circuit, however, has made it clear that it no longer has confidence in the rule and has directed this Court to apply intervening authority regarding an individualized assessment under the ADA. *See Kapche v. City of San Antonio*, 304 F.3d 493, 497

---

[1] 2 F.3d 1385 (5th Cir. 1993).

[2] 56 F.3d 695 (5th Cir. 1995).

2

(5th Cir. 2002) (*Kapche II*). In particular, the court of appeals directed the Court to "address whether, under the facts presented by the parties herein, the temporally limited holdings of *Chandler* and *Daugherty* could continue to apply to [the plaintiff]." *Kapche II*, 304 F.3d at 499.

To determine whether *Chandler* and *Daugherty* apply to the plaintiff, the court of appeals previously directed this Court to determine "whether today there exists new or improved technology–not available at the time [*Chandler* and *Daugherty*] were decided–that could now permit insulin-dependent diabetic drivers in general, and [the plaintiff] in particular, to operate a vehicle safely." *Kapche v. City of San Antonio*, 176 F.3d 840, 847 (5th Cir. 1999) (*Kapche I*). In other words, the court of appeals asked this Court to ignore the *per se* rule and conduct an individualized assessment. Consequently, the plaintiff moved for summary judgment and asked the Court to find that a driver with insulin-dependent diabetes does not pose a direct threat to the health and safety of others. To support his argument, the plaintiff presented evidence of "such medical advancements as portable glucose monitors, routine hemoglobin testing, improved insulin delivery systems, and improved insulin." *Kapche II*, 304 F.3d at 500. The plaintiff argued that he was entitled to an individualized assessment.

The defendant, in turn, moved for summary judgment on the ground that an insulin-dependent diabetic poses a direct threat to others in a position that requires safe driving and other essential functions in higher risk job circumstances. The defendant maintained that there is no factual basis to overcome the *Chandler/Daugherty per se* rule with respect to the plaintiff. The Fifth Circuit's second remand of this case, however, forecloses this argument.

In its second opinion on this case, the Fifth Circuit recognized that the defendant failed to address the plaintiff's evidence that he was able to perform the essential duties of a police officer in

3

any meaningful manner. *Id.* The court of appeals is correct. In addition to the evidence of medical advancements in treating diabetes, the plaintiff presented evidence that he has not suffered any threatening hypoglycemic episodes and that his glycosated hemoglobin tests show excellent control of his diabetes. In addition, the plaintiff presented evidence that he had thrived for several years as a sheriff's deputy. The plaintiff's expert opined that the plaintiff is medically qualified to serve as a police officer and that the plaintiff is not a direct or indirect threat to himself or others. While this Court could continue to recite the plaintiff's evidence about whether a driver with insulin-dependent diabetes poses a direct threat to the health and safety of others, the Court finds that this short recitation alone constitutes a "sufficient factual basis for overcoming the *per se* rule of *Chandler/Daugherty*." *Kapche I*, 176 F.3d at 847. As a result, the Court finds that the plaintiff is entitled to an individualized assessment. Consequently, the Court GRANTS the plaintiff's motion (docket entry # 79) to the extent that the this case will proceed to trial for the purpose of determining whether the plaintiff is qualified to perform the essential functions of the position for which he was not hired, and DENIES the defendant's motion on this issue (docket entry #80).

### Whether the Defendant Regarded the Plaintiff as Disabled

The plaintiff also moved for summary judgment on the issue of whether the defendant regarded him as disabled when the defendant declined to hire the plaintiff as a police officer. The plaintifff presented evidence to support this position. The defendant, in turn, moved for summary judgment and argued that no competent summary judgment evidence existed that the defendant regarded the plaintiff as disabled. The defendant characterized the plaintiff's evidence as "too vague to be significantly probative" and maintained that the plaintiff's evidence was inconsistent with information disclosed on the plaintiff's application for employment. Because the defendant

maintained that the plaintiff's application information indicated that he was physically qualified for the job, the defendant argued that the plaintiff is not able to raise a genuine issue of material fact about whether the defendant regarded him as disabled and asked for summary judgment on this issue. The defendant's position, however, is unsupportable in light of the undisputed fact that the defendant did not hire the plaintiff after the defendant learned that the plaintiff had diabetes. At a minimum, that fact raises a genuine issue of material fact about whether the defendant regarded the plaintiff as disabled. As a result, the Court DENIES both motions filed on this issue (docket entries #s 89 & 93).

### The Direct Threat Defense

In his most recent motion for summary judgment, the plaintiff argues that he is entitled to summary judgment on the defendant's affirmative defense that the plaintiff was direct threat to others. The plaintiff relies on the Fifth Circuit's opinion in *EEOC v. Exxon Corporation*, 203 F.3d 871 (5th Cir. 2000). In that opinion, the court of appeals considered "whether an employer may defend the questioned personnel decision as based on a standard justified as a business necessity or must demonstrate a 'direct threat' in each circumstance." *Exxon Corporation*, 203 F.3d at 873. Resolving this issue, the court of appeals stated, "[t]he direct threat test applies in cases in which an employer responds to an individual employee's supposed risk that is not addressed by an existing qualification standard." *Id.* at 875. The plaintiff interprets this guidance to foreclose the defendant's opportunity to rely on the direct-threat defense because the plaintiff was not individually assessed for qualification as a police officer. Although the application of superceding authority has undoubtably complicated this litigation, the Court does not interpret *Exxon Corporation* as foreclosing the defendant's opportunity to try to prove that the plaintiff posed a direct threat to

5

others. As a result, the Court DENIES the plaintiff's motion for summary judgment on the direct-threat defense (docket entry # 102).

## Continuing Violation Claim

In the last motion pending before the Court, the defendant argues that the court of appeals opinions in this case split the plaintiff's ADA claim into four actions. Accordingly to the defendant, the plaintiff's complaint alleges the defendant: (1) refused to hire the plaintiff in 1994; (2) failed to assess the plaintiff on an individual basis in 1994; (3) required the plaintiff to submit to a medical evaluation before an offer of employment was made in 1994; and (4) continued to fail to assess the plaintiff on an individual basis after 1994. The defendant characterizes the last claim as a continuing violation claim. According to the defendant, the court of appeals previous opinions foreclosed the claims based on the actions occurring in 1994, and that the plaintiff cannot prove a continuing violation claim because the plaintiff cannot rely on actions that occurred outside the statutory time period for filing a charge with the EEOC. The Court, however, simply cannot accept the defendant's interpretation of the plaintiff's complaint.

The plaintiff's claims in this case are relatively simple. The plaintiff first alleged that the defendant violated the ADA by requiring him to submit to a medical evaluation before an offer of employment had been made. That claim was resolved by the Court some time ago and the resolution has not been challenged. The plaintiff next alleged that the defendant violated Texas state law and the ADA by refusing to hire him because of a physical condition that does not impair his ability to perform a job and by refusing to hire him as a police officer because the defendant regarded him as having a disability. Although the defendant maintains that the court of appeals opinions on these claims resolved these disputes for any actions occurring in 1994, the Court observes that the court

of appeals did not render a judgment on these claims. Instead, the court of appeals reversed this court's summary judgment orders and remanded the case to this Court. As a result, the plaintiff's claims, as pleaded, remain pending. The Court DENIES the defendant's motion for summary judgment (docket entry #103).

This case will proceed to trial on March 24, 2003. The parties are instructed to file their pretrial submissions in the form set out in Rule CV-16(e) to the Local Rules for the Western District not later than March 14, 2003.

SIGNED this 30 day of January, 2003.

EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE